48,376-07

WRIT
CAUSE NO. 24515 HC-5.

| Milton Baker, Jr. | IN The 6th Judicial |
| V. | § District Court of |
| State of Texas | Lamar County, Texas |

Appeal No. Counter Clerk

NOV 17 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

## Writ of Mandamus:

TO The Honorable Court of Justice:

Now comes, Milton Baker, Jr., Relator, Pro se in The above-styled and numbered cause of Action and files This Original Petition for Writ of Mandamus, Pursuant to Article 11.07 of the Texas Code of Criminal Procedure.

And would show the court the following:

I.

Milton Baker, Jr., TDCJ# 1763912, is an offender incarcerated in the Texas Department of Criminal Justice and is Appearing Pro se, who can be located at Barry Telford Unit, Bowie County, Texas 75570.

Relator has exhausted his Remedies and No adequate Remedy on Appeal.

Page.1

## II.

Relator contends that he has no other adequate Remedy to seek Redress for Alleged Error by Trial Court.

Relator contends that Trial Court failed to develop the issue, involving ineffective of counsel by Affidavit. Relator contends that his Trial counsel denied him a fair trial by denying him the 6th Amendment Rights to a Jury trial but instead forced him to sign a Plea Bargain Agreement, against his will.

"The sixth Amendment states that a Defendant shall enjoy the Right to a speedy and Public trial, by an impartial Jury of the state. Relator had no understanding to the Plea Agreement.

Relator contends that without a trial it couldn't be considered what cause the death of clemmie yates Brown. If a trial was conducted the Result would have been different, because the deceased was not in her seatbelt, which caused her to go through the front windshield page.2 which caused the death.

Relator assert this court that a hearing would have been sufficient, in this case.

## III.

Relator contends that the trial court failed to Resolve the issue between trial counsel and the Relator by Affidavit. Relator contend that a affidavit would have determine why counsel denied Relator a jury trial and why would a plea bargain would have been better for Relator? Would counsel been wrong for not giving Relator a jury trial, after the fact the Real caused of the victim Death never was disclose, because Relator was denied a jury trial?

Trial court failed to follow the Article. 11.07 Procedure Guidelines.

Trial court failed to conduct a written finding of fact or written opinion to the petition.

According to Art. 11.07 Sec. 4 A2 this is preponderance of evidence, that the deceased was not wearing her seatbelt during the accident, If a trial was conducted with the favorable evidence to show that, Relator did not intentionally hit the deceased, but she was ejected from the car because NO seatbelt was worn.

## Prayer:

Relator Milton Baker, Jr., Pro Se Respectfully Requests a finding that Trial Court (Respondent) did not Resolve the issue, Nor conduct an affidavit.
Relator Prays that this court would Remand the case back for further development.

NOV. 12, 2015

Clerk, Abel Acosta
Court of Criminal Appeal
P.O. Box 12308
Capitol Station          Re: Milton Baker, Jr.
Austin, TX 78711         Cause No. 24515 HC-5

Dear Clerk Acosta,

Please find enclosed a motion for
writ of Mandamus,
Please file with the Honorable
court, I thank you for your
awesome services,

I look forward hearing
from you.

Yours Truly,

Milton Baker, Jr.
# 1763912